# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 22, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DENISE LEE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-823V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Joint Stipulation; Influenza ("Flu"); |
| AND HUMAN SERVICES, | * | Transverse Myelitis ("TM"); |
| | * | Attorneys' Fees and Costs; |
| Respondent. | * | Discretion of Special Master. |
| * * * * * * * * * * * * * | | |

Maximillian Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.
Meredith Healy, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 3, 2015, Denise Lee ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered transverse myelitis ("TM") as the result of an influenza vaccine she received on October 17, 2014. Petition at Preamble. On May 31, 2018, I issued a decision awarding petitioner compensation based on the parties' stipulation. Decision of Special Master on Stipulation (ECF No. 59).

On August 8, 2018, petitioner filed a motion for attorneys' fees and costs. Motion for Attorney Fees ("Pet. Motion") (ECF No. 64). Petitioner requested a total of $29,181.70 as reimbursement for attorneys' fees and $12,642.39 as reimbursement for costs. Pet. Motion at 2. Thus, petitioner requested a total of $41,824.09 as reimbursement for attorneys' fees and costs.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the decision. Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

*Id.* Pursuant to General Order #9, petitioner's counsel represented that petitioner did not advance any funds in the prosecution of her claim and all expenses have been incurred by petitioner's counsel. *Id.*

On August 22, 2018, respondent filed a response to petitioner's motion. Respondent's Response (ECF No. 65). Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3) (1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

The hourly rates requested by petitioner's counsel for work performed during 2015-2017 are within the appropriate hourly rate ranges I established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) for an attorney of his experience, and those hourly rates have been awarded to him previously. *See e.g., Curry v. Sec'y of Health & Human Servs.*, No. 16-68V, 2018 WL 3991228, (Fed. Cl. Spec. Mstr. July 10, 2018). Petitioner's counsel requested an increase of his hourly rate for work performed in 2018 to $317.00 per hour and an increase for work performed by his paralegal in 2018 to $150.00 per hour. Both of these hourly rates are within the appropriate *McCulloch* ranges as reflected on the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2018.[3] Based on my experience, these hourly rates appear reasonable, and I will thus award the requested hourly rate increases.

I have reviewed the billing records and invoices submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task. The expenses incurred are well-documented and based on my experience they appear reasonable. I find no cause to adjust the time expended or the costs. Thus, the requested attorneys' fees and costs are awarded in full.

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**.

Accordingly, I award the following:

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules may be found at: http://www.cofc.uscourts.gov/node/2914 (last accessed August 22, 2018).

1) **A lump sum in the amount of $41,824.09, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her attorney, Maximillian Muller, of Muller Brazil, LLP.**[4]

In the absence of a motion for reconsideration or a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[5]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.